1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Gregory COX,                          )    No. CV-04-101-PHX-SMM
                                           )
10                  Plaintiff,             )    **MEMORANDUM OF DECISION AND**
                                           )    **ORDER**
11   v.                                    )
                                           )
12   AMERIGAS PROPANE, INC.,               )
                                           )
13                  Defendant.             )
                                           )
14                                         )
                                           )
15   _____

16          Pending before the Court is a Motion for Summary Judgment (dkt. 34) and a Partial

17   Motion to Strike Plaintiff's Separate Statement of Facts in Support of Plaintiff's Response to

18   Defendant's Motion for Summary Judgment (dkt. 41) filed by Defendant AmeriGas Propane,

19   Inc.   After considering the arguments raised in the parties' briefs, the Court issues the

20   following Memorandum of Decision and Order.

21                                **I. BACKGROUND**

22   **A. Factual Background**

23          The following facts are undisputed.

24          Beginning sometime in or around December 2001 and January 2002, Plaintiff Gregory

25   Cox ("Plaintiff") worked as the Operations Manager for the Glendale, Arizona production

26   and distribution facility of AmeriGas Prefilled Propane Xchange ("PPX").  (Pl.'s Dep. at

27   15:6-23; 26:14-27:12.)   PPX processes and distributes twenty-pound consumer propane

28

1  cylinders, such as those used for barbecues.  (Id.)  PPX is a division of Defendant AmeriGas

2  Propane, Inc. ("Defendant"), a processor and distributor of propane.  (Id. at 21:17-22:10.)

3      On or about February 1, 2002, Plaintiff received training at Defendant's training

4  facilities in Yuba City, California, and Gardena, California.  (Compl. ¶ 12; Answer ¶ 12.)

5      As Operations Manager, Plaintiff supervised the PPX production crew and two

6  supervisory personnel.  (Pl.'s Dep. at 44:4-14.)  He was responsible for managing the process

7  whereby used propane cylinders were refurbished, refilled, and then transported on pallets

8  by trucking vendors to distribution centers.  (Id. at 28:11-25; 43:9-46:24.)  Plaintiff's direct

9  supervisor throughout his employment was PPX Western Region Manager William "Bo"

10 Cornall.  (Id. at 17:14-18:3.)

11     Beginning in the summer of 2002, the Glendale PPX facility supplied propane

12 cylinders to centers in Arizona, Nevada, and the area surrounding San Diego, California.  (Id.

13 at 27:8-28:10.)  The Glendale facility housed a retail outlet for the Bulk Propane Division,

14 for which Lisa Gerwitz was the Operations Manager.  (Id. at 226:13-15.)

15     Plaintiff sent an anonymous letter to Defendant's Vice President Bob Roseler and

16 Gene Bissell, Chief Executive Officer of AmeriGas Propane, L.P., on or about June 22, 2003.

17 (Compl. ¶ 23; Answer ¶ 23.)  On or about June 23, 2003, Plaintiff told Cornall that he was

18 the author of the letter.  (Compl. ¶ 24; Answer ¶ 24.)

19     Six months prior to his termination, Defendant awarded Plaintiff the title of "Rookie

20 Manager of the Year."  (Pl.'s Dep. at 274:19.)  Towards the end of 2002, Defendant appraised

21 Plaintiff's work performance as "Fully Competent."  (Id. at 274:16-18; Ex. G to Pl.'s

22 Statement of Facts.)

23     On or about August 15, 2003, Cornall placed Plaintiff on unpaid leave for Plaintiff's

24 alleged failure to monitor the shipping of cylinders leaking propane gas.  (Compl. ¶ 19;

25 Answer ¶ 19.)  On or about August 21, 2003, Defendant terminated Plaintiff, stating that he

26 had violated company safety policies, among other reasons.  (Compl. ¶ 20; Answer ¶ 20.)

27

28

**B.  Procedural Background**

On October 22, 2003, Plaintiff filed suit in Maricopa County Superior Court alleging two causes of action against various Defendants.  (Dkt. 1, Ex. A.)

Plaintiff filed a First Amended Complaint in Maricopa County Superior Court on November 10, 2003. (Dkt. 1, Ex. A.)  This revised pleading names as Defendants AmeriGas Propane, Inc., Jim Lahey, William Cornall, Lisa Gerwitz, Donald Waldhauser, and various fictitious individuals and entities.  In the First Amended Complaint, Plaintiff asserts only one cause of action:   violation of the Arizona Employment Protection Act, Section 23-1501(3)(c)(ii) of the Arizona Revised Statutes, for wrongful termination in retaliation for whistleblower activity.   In terms of relief, Plaintiff seeks compensatory and punitive damages, taxable costs, and other relief deemed appropriate.  Plaintiff did not verify the First Amended Complaint.

On December 4, 2003, Defendant AmeriGas Propane, Inc. filed an Answer to Plaintiff's First Amended Complaint in Maricopa County Superior Court.  (Dkt. 1, Ex. A.)  AmeriGas Propane, Inc. simultaneously filed a Motion to Dismiss on behalf of the individually-named Defendants.  (Id.)

Plaintiff stipulated to the dismissal of the individually-named Defendants in Maricopa County Superior Court on January 7, 2004.  (Id.)  Upon this dismissal, complete diversity existed between the remaining parties, Plaintiff and Defendant AmeriGas Propane, Inc.  As a result, Defendant removed the action on January 15, 2004 to this Court and simultaneously filed an Answer to the Complaint.  (Id.)

On July 15, 2005, Defendant filed a Motion for Summary Judgment on the sole count of the First Amended Complaint.  (Dkt. 34.)  A Response (dkt. 37) and a Reply (dkt. 40) followed thereafter.

On August 16, 2005, Defendant filed a Partial Motion to Strike Plaintiff's Separate Statement of Facts in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment (dkt. 41).

1    Jurisdiction is proper pursuant to 28 U.S.C. § 1332, because Plaintiff is a citizen of

2    Arizona, Defendant is a citizen of Pennsylvania, and the amount in controversy exceeds

3    $75,000.

## II.  MOTION TO STRIKE

### A.  Standard of Review

Evidence a party relies upon with respect to a summary judgment motion must have an appropriate foundation and must be supported or opposed by admissible evidence.  FED. R. CIV. P. 56(e); Hal Roach Studios, Inc. v. Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990).  Inadmissible evidence is subject to a timely objection and may be stricken from the record.   FDIC v. New Hampshire Ins. Co., 953 F.2d 478, 484-85 (9th Cir. 1991). Admissibility of evidence is governed by the Federal Rules of Evidence.

At the summary judgment stage, the court focuses on the admissibility of the evidence's contents, not the admissibility of its form.  Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003).  To survive summary judgment, the nonmoving party need not produce evidence in a form that would be admissible at trial.  Id.

### B.  Discussion

Defendant has filed a Partial Motion to Strike Plaintiff's Separate Statement of Facts in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment. (Dkt. 41.) Defendant argues that Plaintiff's Separate Statement of Facts ("SOF") is largely unsupported by record evidence and contains numerous self-serving conclusory statements without factual basis. Although Defendant claims that none of Plaintiff's unsubstantiated statements concern material facts, Defendant nevertheless moves to strike numerous paragraphs, set forth below. The Court will consider these paragraphs in turn, along with the accompanying arguments of both parties.

#### 1. *SOF Number 4*

In Number 4 of his SOF, Plaintiff states that:

**On or about February 1, 2002, Plaintiff** received training at Defendant's training facilities in Yuba City, California and Gardena, California (the "Training Facilities"), where he **discovered that propane gas cylinders being**

**returned to the Training Facilities and to the PPX Facilities in Arizona and California did not have a protective device known as a POL plug** (the "Plugs") (Plaintiff's First Amended Complaint ["Complaint"] ¶ 12; Cox Depo at 109:15-18 and 253:5-14). [emphasis added by Court]

Defendant moves to strike those highlighted portions of Plaintiff's SOF #4 above, arguing that they are unsupported by record evidence and rely, in part, on inadmissible hearsay. According to Defendant, Plaintiff's deposition testimony at page 109 establishes only that he visited Yuba City for training. Defendant further claims that Plaintiff's deposition testimony at page 253 is inadmissible under Rule 802 of the Federal Rules of Evidence and, even if admissible, the testimony does not establish that Plaintiff himself personally discovered these facts. Finally, Defendant takes issue with Plaintiff's citation to his First Amended Complaint for support.

Plaintiff counters that the present sense impression exception of the hearsay rule, FED. R. EVID. 803(1), applies to SOF #4. This argument fails because the statement was not made "while the declarant was perceiving the event or condition, or immediately thereafter" as the Rule requires. FED. R. EVID. 803(1).

Thus, the portion "discovered that propane gas cylinders being returned to the Training Facilities and to the PPX Facilities in Arizona and California did not have a protective device known as a POL plug" of SOF #4 will be stricken pursuant to Defendant's Motion. The remaining portions of SOF #4 will not be stricken, as the Court finds support for the date of training in the record. (Pl.'s Dep. at 109:15-18.)

**2. *SOF Number 5***

In Number 5 of his SOF, Plaintiff states that:

The Plugs prevented the escape of propane gas from storage cylinders into the atmosphere during the shipment and storage processes and provided for the safe transport of propane gas cylinders (Complaint ¶ 12).

Defendant moves to strike all of Plaintiff's SOF #5, arguing that it relies exclusively for support on the First Amended Complaint, which is not admissible evidence nor a permissible basis for a statement of fact. Furthermore, because it is well-established that a

party opposing summary judgment may not rest upon the mere allegations of its pleadings, Defendant contends that this paragraph should be stricken.

Plaintiff counters again with the present sense impression hearsay exception. FED. R. EVID. 803(1).  The Court finds that the exception does not apply to SOF #5 for the same reason it does not apply in SOF #4 above.

However, the Court notes that Defendant appears to have essentially admitted to Plaintiff's SOF #5 in its Answer to Plaintiff's First Amended Complaint.  Paragraph 12 of Defendant's Answer reads in relevant part: "Admit only that the purpose of POL plugs is to prevent the unintended escape of propane gas from propane cylinders and allege that Amerigas's policy and practice is to use POL plugs for portable propane cylinders." (Answer ¶ 12.)  Even assuming that Defendant did not admit to Plaintiff's SOF #5, the Court finds it would be inappropriate to strike this statement of fact, absent some evidentiary basis for doing so.  See New Hampshire Insurance, 953 F.2d at 484-85 (inadmissible evidence may be stricken from the record).  Moreover, Defendant has not shown that Plaintiff intends to offer this as a material fact that precludes summary judgment, such that striking the statement would be warranted under the Federal Rules of Civil Procedure.  FED. R. CIV. P. 56(e) (party "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial").  Thus, the Court will deny Defendant's Motion to Strike Plaintiff's SOF #5.

**3. *SOF Number 6***

In Number 6 of his SOF, Plaintiff states that:

> **While at the Training Facilities, Plaintiff also observed a process** for removing excess propane gas from propane gas cylinders (the "Removal Process"), which consisted of forcing propane gas into a 55-gallon drum filled with water, **allowing the escape of large amounts of propane into the atmosphere** (Complaint ¶ 13; Cox Depo at 119:10-19). [emphasis added by Court]

Defendant moves to strike those highlighted portions of Plaintiff's SOF #6 above, arguing that Plaintiff's deposition testimony at page 119 does not actually support the statement in paragraph number 6.  Defendant also reiterates its argument that portions of

Plaintiff's SOF #6 should be stricken, because it is well-established that a party opposing summary judgment may not rest upon the mere allegations of its pleadings.

Plaintiff again counters that the hearsay exception of present sense impression applies to SOF #6.  FED. R. EVID. 803(1).  The Court again finds that the exceptions do not apply because the out-of-court statement was not made "while the declarant was perceiving the event or condition, or immediately thereafter" as the Rule requires.  Id.

On page 119 of his deposition, Plaintiff testified that:

> They had an apparatus there that actually they used that consisted of a tank, a pump, a hose coming out of the tank into a 55-gallon drum filled up with water that pretty close came to free flow, where it would bubble the propane vapor through the water drum, and then the bubbles come to the surface, pop, and, as we know from propane's qualities, you couldn't see it, but, of course, it would run off and pool down and run.

(Pl.'s Dep. 119:10-19).

Thus, Plaintiff has testified to what he personally observed; this observation is not based on hearsay and will therefore not be stricken.  Plaintiff did not testify, however, that he witnessed "the escape of large amounts of propane into the atmosphere" as SOF #6 states, nor is there evidence in the record to support that statement.[1]  Therefore, the portion of SOF #6 that reads "allowing the escape of large amounts of propane into the atmosphere" will be stricken and the remaining portion of SOF #6 will not be stricken.

### 4. *SOF Number 7*

In Number 7 of his SOF, Plaintiff states that:

> On or about March 1, 2002, Plaintiff reported to his immediate supervisor, Bo Cornall, that the Plugs were not being used properly at any of the Arizona or California PPX facilities and that the Training Facilities were using the Removal Process, which Plaintiff knew were violations of state and federal law as a result of the training he had received at the Training Facilities (Complaint ¶ 14; Cox Depo at 247:8-12).

Defendant moves to strike all of Plaintiff's SOF #7, arguing that Plaintiff's deposition testimony at page 247 does not establish the factual statements set forth in SOF #7.

---

[1]The Court recognizes that propane is not visible to the naked eye; however Plaintiff did not furnish evidence that "large amounts of propane" were released into the atmosphere.

Defendant also reiterates its argument that SOF #7 should be stricken, because it is well-established that a party opposing summary judgment may not rest upon the mere allegations of its pleadings.

Plaintiff counters that the present sense impression exception to the hearsay rule applies to SOF #7. FED. R. EVID. 803(1). The Court finds that the exception does not apply because the out-of-court statement was not made "while the declarant was perceiving the event or condition, or immediately thereafter" as the Rule requires. Id.

On page 247 of his deposition, Plaintiff testified that:

> Q. Okay. And in fairness, I believe you're contending that you were terminated in retaliation for having recorded violations of Arizona and federal law?
> A. Yes.

(Pl.'s Dep. 247:8-12).

While Defendant correctly points out that the above statement does not support SOF #7, the Court notes that Plaintiff testified that he spoke with Mr. Cornall about the plugs in 2002. (Pl.'s Dep. at 253:23-254:23.) Also, Plaintiff testified that he reported what he observed with the removal process at a Gardena, California facility to Mr. Cornall. (Id. at 249:5-25, 264:2-6.) Therefore, because SOF #7 is supported by evidence in the record, the Court will deny Defendant's Motion to Strike Plaintiff's SOF #7.

**5. *SOF Number 8***

In Number 8 of his SOF, Plaintiff states that:

> Plaintiff was told by his supervisor that Amerigas had never had a problem with state or federal agencies concerning the non-use of Plugs and the Removal Process, and told Plaintiff not to pursue the matter (Complaint ¶ 15).

Defendant moves to strike all of Plaintiff's SOF #8, arguing that it relies exclusively for support on the First Amended Complaint, which is not admissible evidence nor a permissible basis for a statement of fact. Furthermore, because it is well-established that a party opposing summary judgment may not rest upon the mere allegations of its pleadings, Defendant contends that this paragraph should be stricken.

Plaintiff counters again that the present sense impression exception to the hearsay rule applies to SOF #8.  FED. R. EVID. 803(1).  The Court finds that the exception does not apply for the same reason found in the discussion of Plaintiff's SOF #7.

The Court will deny Defendant's Motion to Strike Plaintiff's SOF #8.  It is true that the nonmovant "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  However, it is also well-established that the nonmovant need not produce evidence "in a form that would be admissible at trial in order to avoid summary judgment."  Celotex, 477 U.S. at 324.  Here, Plaintiff's SOF #8 would be admissible at trial as non-hearsay if Plaintiff testified to the contents of his supervisor's statements, established a foundation for his testimony, and established that the statements were made within the scope of his supervisor's employment relationship.  See FED. R. EVID. 801(d)(2)(D) (statement not hearsay if offered against a party and is statement by party's servant concerning matter within scope of employment, made during existence of relationship).  At the summary judgment stage, the court focuses on the admissibility of the evidence's contents, not the admissibility of its form.  Fraser, 342 F.3d at 1036-37.  Consequently, the Court declines to strike Plaintiff's SOF #8.  The statements contained therein would be admissible at trial and are not based solely on the allegations of Plaintiff's First Amended Complaint.

**6. *SOF Number 9***

In Number 9 of his SOF, Plaintiff states that:

> On or about July 15, 2002, Plaintiff informed his supervisor that he did not feel comfortable using a process known as "blowing bottles", which process consisted of venting propane gas out of cylinders into the atmosphere. Plaintiff was instructed to continue blowing bottles as was customary practice at the PPX Facilities (Complaint ¶ 16; Cox Depo at 107:14 – 112:6).

Defendant moves to strike all of Plaintiff's SOF #9, arguing that Plaintiff's deposition testimony on pages 107 through 112 does not establish the factual statements set forth in SOF #9. Defendant also reiterates its argument that SOF #9 should be stricken, because it is well-

1 established that a party opposing summary judgment may not rest upon the mere allegations

2 of its pleadings, which are not admissible evidence.

3     Plaintiff counters that the present sense impression exceptions to the hearsay rule

4 applies. FED. R. EVID. 803(1). The Court disagrees. The out-of-court statement was not

5 "made while the declarant was perceiving the event or condition, or immediately thereafter"

6 as the Rule requires. Id.

7     While Defendant is correct that the referenced portions of Plaintiff's deposition do not

8 support SOF #9, the Court notes that Plaintiff testified about occasions on which he

9 complained of "bottle blowing" to Mr. Cornall. The Court makes this inference based on the

10 question by defense counsel: "Complaints you had made regarding bottle blowing. *I think*

11 *I asked for all occasions on which you had talked to Mr. Cornall about bottle blowing*, and

12 I thought we had exhausted those." (Pl.'s Dep. at 252:3-7.)(emphasis added by Court)

13 Although neither party supplied the portions of the deposition to which counsel referred, the

14 Court surmises that Plaintiff had testified earlier regarding discussions with Mr. Cornall

15 about bottle blowing. Additionally, the final sentence of SOF #9, which addresses Mr.

16 Cornall's response to Plaintiff's complaints of bottle blowing, would be admissible at trial as

17 non-hearsay if Plaintiff testified as to the contents of his supervisor's statement, established

18 a foundation for his testimony, and established that the statements were made within the

19 scope of his supervisor's employment. See FED. R. EVID. 801(d)(2)(D) (statement not

20 hearsay if offered against a party and is statement by party's servant concerning matter within

21 scope of employment, made during existence of relationship). The court focuses on the

22 admissibility of the evidence's contents, not the admissibility of its form, at the summary

23 judgment stage. Fraser, 342 F.3d at 1036-37. Therefore, Defendant's Motion to Strike

24 Plaintiff's SOF #9 will be denied.

25     **7. *SOF Number 10***

26     In Number 10 of his SOF, Plaintiff states that:

27         On or about August 1, 2002, Plaintiff informed his supervisor that a large
        amount of polluted and untreated run-off water at the PPX Facility in
28         Glendale, Arizona was accumulating in a ground basin, and that the run-off

water was then pumped to the fence line separating the Amerigas property from an adjacent railway spur. Plaintiff asked his supervisor if they could chemically treat the run-off water before pumping it onto the adjacent property; however, Plaintiff was told the cost of doing so was prohibitive (Complaint ¶ 17; Cox Depo at 261:24 – 264:1).

Defendant moves to strike all of Plaintiff's SOF #10, arguing that Plaintiff's deposition testimony on pages 261 through 264 does not establish the factual statements set forth in SOF #10. Defendant claims Plaintiff has no evidence (1) that the run-off water was polluted; (2) that he ever informed his supervisor about it; or (3) that the last sentence of SOF #10 has any basis in fact. Defendant also reiterates its argument that SOF #10 should be stricken, because it is well-established that a party opposing summary judgment may not rest upon the mere allegations of its pleadings, which are not admissible evidence.

Plaintiff counters again that the present sense impression exception to the hearsay rule applies. FED. R. EVID. 803(1). The Court finds that the present sense impression exception to the hearsay rule is inapplicable because there is no evidence that the statement was "made while the declarant was perceiving the event or condition, or immediately thereafter" as the Rule requires. Id.

The Court will deny Defendant's Motion to Strike Plaintiff's SOF #10, however, because the Court finds that Plaintiff's out-of-court statement to his supervisor is not hearsay because it is offered to show the effect on the listener. See United States v. Payne, 944 F.2d 1458, 1472 (9th Cir. 1991). The crux of Plaintiff's wrongful termination claim is that Plaintiff was terminated because of complaints Plaintiff made to his supervisor. Thus, the statement is not offered to prove the truth of the matter; rather, it is offered to show a motive for Plaintiff's termination from employment.

**8.** *SOF Number 13*

In Number 13 of his SOF, Plaintiff states that:

**On or about July 1, 2003, a supervisor, Lisa Gerwitz**, approached Plaintiff and **accused him of having written the Letter, and stated that "they had a plan to take care of that"** (Complaint ¶ 25; Cox Depo at 275:3-13). [emphasis added by Court]

- 11 -

1    Defendant moves to strike those highlighted portions of Plaintiff's SOF #13 above,

2    arguing that Plaintiff's deposition testimony on page 275 does not establish the factual

3    statements set forth in SOF #13.  Defendant also reiterates its argument that the relevant

4    portions of SOF #13 should be stricken, because it is well-established that a party opposing

5    summary judgment may not rest upon the mere allegations of its pleadings, which are not

6    admissible evidence.

7    Plaintiff again counters that the present sense impression hearsay exception applies.

8    FED. R. EVID. 803(1).  The Court again disagrees.  The out-of-court statement was not "made

9    while the declarant was perceiving the event or condition, or immediately thereafter" as the

10   Rule requires.  Id.

11   On page 275 of his deposition, Plaintiff testified that:

12   Ms. Gerwitz approached me, you know, saying that she had heard that I was
     the person that wrote this, that now that she'd read it that she felt like I was
13   probably the only person in a position to know about these things that could
     have written it, and the way that it was written; the fact that, like, references
14   in the end where it said why it's still an anonymous-type letter, that
     AmeriGas has a history in Glendale of retaliating against people that raise
15   concerns.
     (Pl.'s Dep. 275:3-13).
16

17   The Court will deny Defendant's Motion to Strike Plaintiff's SOF #13.  The

18   nonmovant need not produce evidence "in a form that would be admissible at trial in order

19   to avoid summary judgment."  Celotex, 477 U.S. at 324.  Plaintiff's SOF #13 would be

20   admissible at trial as non-hearsay if Plaintiff testified to the contents of Ms. Gerwitz's

21   statements, established a foundation for his testimony, and established that the statements

22   were made within the scope of Ms. Gerwitz's employment relationship.  See FED. R. EVID.

23   801(d)(2)(D) (statement not hearsay if offered against a party and is statement by party's

24   servant concerning matter within scope of employment, made during existence of

25   relationship).  At the summary judgment stage, the court focuses on the admissibility of the

26   evidence's contents, not the admissibility of its form.  Fraser, 342 F.3d at 1036-37.

27   **9.  *SOF Number 15***

28   In Number 15 of his SOF, Plaintiff states that:

Two employees had informed Plaintiff's supervisor, Bo Cornall, that they had been responsible, and not Plaintiff, for the shipping of the leaking cylinders (Cox Depo at 229:25 – 230:15).

Defendant moves to strike all of Plaintiff's SOF #15, arguing that it is based on inadmissible hearsay under Rule 802 of the Federal Rules of Evidence.

Plaintiff counters that the co-workers' statements are not hearsay because they are party-opponent admissions under FED. R. EVID. 801(d)(2)(D).  The Court agrees with Plaintiff and declines to strike Plaintiff's SOF #15.  At the summary judgment stage, the court focuses on the admissibility of the evidence's contents, not the admissibility of its form. Fraser, 342 F.3d at 1036-37.  Here, Plaintiff's SOF #15 would be admissible at trial as non-hearsay.  See FED. R. EVID. 801(d)(2)(D) (statement not hearsay if offered against a party and is statement by party's servant concerning matter within scope of employment, made during existence of relationship).

**10.  *SOF Number 17***

In Number 17 of his SOF, Plaintiff states that:

In an effort to corroborate the complaints that Plaintiff had brought to Defendant's attention during his employment, Plaintiff contacted state and federal agencies and governments, including Arizona Department of Public Safety, Arizona Industrial Commission, Arizona Department of Transportation, Maricopa County Department of Environmental Services, and Environmental Protection Agency (Cox Depo at 302:1 – 304:4).

Defendant moves to strike all of Plaintiff's SOF #17, arguing that Plaintiff's deposition testimony on pages 302 through 304 does not establish the factual statements set forth in SOF #17.  Defendant also argues that Plaintiff's allegations are irrelevant under Rules 401 and 402 of the Federal Rules of Evidence, since it is undisputed that they occurred after Plaintiff's employment terminated.

Plaintiff counters that the public records exception to the hearsay rule applies.  FED. R. EVID. 803(8).  Plaintiff submits a copy of a Compliance Review from the Motor Carrier Investigations Unit of the Arizona Department of Public Safety.  (Pl.'s SOF, Ex. D.) The document is dated February 18, 2005 and cites numerous carrier infractions in January 2005

1   and one in February 2005.  However, the Court finds that whether or not Plaintiff contacted

2   various government agencies *after* his employment is irrelevant to the issue in this case,

3   which is whether Plaintiff was terminated because of purported whistleblowing activities

4   *during* his employment.  See FED. R. EVID. 401, 402.  Therefore, Defendant's Motion to

5   Strike Plaintiff's SOF #17 will be granted.

6       **11.  *SOF Number 18***

7       In Number 18 of his SOF, Plaintiff states that:

8       As a result of Plaintiff's inquiries to various state and federal agencies, he
        learned that Defendant had, in fact, numerous violations of state and federal
9       laws in Arizona and California (Cox Depo at 307:1-6; see Arizona Department
        of Public Safety Report, attached hereto as Exhibit D; Industrial Commission
10      of Arizona Citation and Notification of Penalty, attached hereto as Exhibits E
        and F).

11

12      Defendant moves to strike all of Plaintiff's SOF #18, as well as the reports cited

13  therein and attached as exhibits to his SOF.  Defendant argues that Plaintiff's deposition

14  testimony on page 307 and the other cited reports do not establish the factual statements set

15  forth in SOF #18, but instead set forth Plaintiff's speculation that Defendant had been cited

16  for violations.  Defendant claims that the reports cited involve investigations and violations

17  which occurred after Plaintiff's termination of employment, and are therefore irrelevant under

18  Rules 401 and 402 of the Federal Rules of Evidence.  Finally, Defendant contends that the

19  cited reports are inadmissible hearsay, because they are not authenticated as required under

20  Rule 901(b)(7) of the Federal Rules of Evidence.

21      Plaintiff counters that the public records exception of the hearsay rule applies to SOF

22  #18.  However, the Court will grant Defendant's Motion to Strike Plaintiff's SOF #18 because

23  the statement and exhibits concern events that took place after Plaintiff's employment was

24  terminated by Defendant.  The case at bar is a wrongful termination case, and thus, events

25  that occurred after Plaintiff's employment are irrelevant to whether Plaintiff was wrongfully

26  terminated for supposed whistleblowing activities during his employment.  See FED. R. EVID.

27  401, 402.  Plaintiff's SOF #18 and the accompanying Exhibits D-F will be stricken

28  accordingly.

1

**12.** *SOF Number 24*

2

In Number 24 of his SOF, Plaintiff states that:

3

4

5

Defendant knowingly makes hundreds of shipments of leaking cylinders every day, from facilities in Arizona and throughout the United States, which shipments are in violation of state and federal laws (Cox Depo at 90:9 – 100:24).

6

Defendant moves to strike all of Plaintiff's SOF #24, arguing that Plaintiff's deposition

7

testimony on pages 90 through 100 does not establish the factual statements set forth in SOF

8

#24. Plaintiff does not respond to Defendant's arguments.

9

Plaintiff cites in SOF #24 to a portion of Plaintiff's deposition that does not support

10

the SOF. The Court will grant Defendant's Motion to Strike Plaintiff's SOF #24, as there is

11

simply no evidentiary basis in the record for the SOF.

12

**13.** *SOF Number 25*

13

In Number 25 of his SOF, Plaintiff states that:

14

15

Leaking cylinders occur as a result of numerous factors, including aging cylinders, pin-point leaks in the cylinders, faulty valves, and improper handling and/or shipment (Cox Depo at 100:11-18).

16

17

Defendant moves to strike all of Plaintiff's SOF #25, arguing that Plaintiff's deposition

18

testimony on page 100 does not establish the factual statements set forth in SOF #25.

19

Plaintiff does not respond to Defendant's argument.

20

On page 100 of his deposition, Plaintiff testified that:

21

22

23

One was a PPX originated cylinder meaning that we had filled it within a reasonable time period, and that was a pinhole weld leak, which could have been leaking at the time that it was shipped, or it could have been one that I mentioned, I think it's a maturing leak, where it actually goes through the cover.
(Pl.'s Dep. at 100:11-17).

24

In addition, Plaintiff testified as to valves causing leaks during his deposition, as well

25

as the handling of cylinders. (Pl.'s Dep. at 90:9-91:25.) Thus, Plaintiff's SOF #25 is

26

27

28

1  supported by deposition testimony, and the Court declines to strike Plaintiff's SOF #25 at this

2  time, except for "aging cylinders."[2]

3       **14.** *SOF Number 27*

4       In Number 27 of his SOF, Plaintiff states that:

5       **Plaintiff had complained to Defendant about the existence of leaking**
        **cylinders** and had proposed plans and procedures for addressing the problem

6       and for training employees on proper handling (Cox Depo at 98:10 - 99:25).
        [emphasis added by Court]

7

8       Defendant moves to strike those highlighted portions of Plaintiff's SOF #27 above,

9  arguing that Plaintiff's deposition testimony on pages 98 through 99 does not establish the

10  factual statements set forth in SOF #27.

11       Plaintiff counters that Defendant misstates the record.  Specifically, Plaintiff states

12  that he had implemented procedures to curb the leaking cylinder problem prior to AmeriGas

13  management coming to him with concerns.  Plaintiff refers to a document regarding those

14  procedures during his deposition (Pl.'s Dep. at 98:23-99:25), but does not describe or submit

15  the document as an exhibit to this Court.  Therefore, the Court is unable to refer to the date

16  on the document.   It is clear from the record, however, that Plaintiff instituted leak-

17  prevention procedures as a result of contact with the Glendale facility by David Artero,

18  AmeriGas management.  (Def.'s SOF, Ex. C.) Thus, the record does not support the portion

19  of Plaintiff's SOF that states "Plaintiff had complained to Defendant about the existence of

20  leaking cylinders."  Therefore, this portion of Plaintiff's SOF #27 will be stricken.

21       **15.** *SOF Number 32*

22       In Number 32 of his SOF, Plaintiff states that:

23       Defendant acknowledged that leaking cylinders were, in fact, shipped from
        other facilities by employees of Defendant other than Plaintiff (Cox Depo at

24       99:13-25).

25

26

27       [2] Because neither party furnished earlier pages of the deposition immediately
    preceding page 90, the Court is unable to review the record for references to "aging

28  cylinders."

1    Defendant moves to strike all of Plaintiff's SOF #32, arguing that Plaintiff's deposition

2    testimony on page 99 does not establish the factual statements set forth in SOF #32.

3    Plaintiff counters that Defendant, through Exhibit C of Defendant's SOF, admitted that

4    employees other than Plaintiff had shipped leaking cylinders.  At the summary judgment

5    stage, the court focuses on the admissibility of the evidence's contents, not the admissibility

6    of its form.  Fraser, 342 F.3d at 1036-37.  Here, Plaintiff's SOF #32 would be admissible at

7    trial because Mike Beckley, an employee of Defendant, acknowledged that only one of four

8    calls reporting leaking cylinders originated from Plaintiff's facility.  (Def.'s SOF, Ex. C.)

9    Thus, the remaining three leaking cylinders came from facilities other than the facility

10   overseen by Plaintiff.  Plaintiff's SOF #32 would be admissible at trial as non-hearsay if

11   Plaintiff testified to the contents of Mr. Beckley's statements, established a foundation for his

12   testimony, and established that the statements were made within the scope of Mr. Beckley's

13   employment relationship.  See FED. R. EVID. 801(d)(2)(D) (statement not hearsay if offered

14   against a party  and is statement by party's servant concerning matter within scope of

15   employment, made during existence of relationship).  Therefore, the Court will deny

16   Defendant's Motion to Strike Plaintiff's SOF # 32.

17   **C.  Conclusion on Motion to Strike**

18   For the reasons set forth above, the Court will deny the Defendant's Motion to Strike

19   the following of Plaintiff's Statement of Facts:  SOF #4, except for the portion "discovered

20   that propane gas cylinders being returned to the Training Facilities and to the PPX Facilities

21   in Arizona and California did not have a protective device known as a POL plug"; SOF #5;

22   SOF #6, except for the portion "allowing the escape of large amounts of propane into the

23   atmosphere"; SOF #7; SOF #8; SOF #9; SOF #10; SOF #13 ; SOF #15; SOF #25, except for

24   the phrase "aging cylinders"; SOF #27, except for "Plaintiff had complained to Defendant

25   about the existence of leaking cylinders"; and SOF #32.

26   The Court will grant Defendant's Motion to Strike the following paragraphs of

27   Plaintiff's Statement of Facts:  SOF #17; SOF #18; and SOF #24.  The Court will also grant

28   Defendant's Motion to Strike Exhibits D, E, and F, which accompany SOF #18.

1

2 **III. MOTION FOR SUMMARY JUDGMENT**

3 **A. Standard of Review**

4      A court must grant summary judgment if the pleadings and supporting documents,

5 viewed in the light most favorable to the nonmoving party, "show that there is no genuine

6 issue as to any material fact and that the moving party is entitled to judgment as a matter of

7 law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

8 Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law

9 determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248

10 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the

11 outcome of the suit under the governing law will properly preclude the entry of summary

12 judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the

13 evidence must be "such that a reasonable jury could return a verdict for the nonmoving

14 party." Id.; see Jesinger, 24 F.3d at 1130.

15      A principal purpose of summary judgment is "to isolate and dispose of factually

16 unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate

17 against a party who "fails to make a showing sufficient to establish the existence of an

18 element essential to that party's case, and on which that party will bear the burden of proof

19 at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir.

20 1994). The moving party need not disprove matters on which the opponent has the burden

21 of proof at trial. See Celotex, 477 U.S. at 317. The party opposing summary judgment need

22 not produce evidence "in a form that would be admissible at trial in order to avoid summary

23 judgment." Id. at 324. However, the nonmovant "may not rest upon the mere allegations or

24 denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is

25 a genuine issue for trial." FED. R. CIV. P. 56(e); see Matsushita Elec. Indus. Co. v. Zenith

26 Radio, 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044,

27 1049 (9th Cir. 1995).

28 **B. Discussion**

In his Amended Complaint, Plaintiff set forth one cause of action for retaliatory termination in violation of Arizona's Employment Protection Act ("AEPA"), ARIZ. REV. STAT. § 23-1501(3)(c)(ii).  The statute proscribes termination of an employee in retaliation for:

> The disclosure by the employee in a reasonable manner that the employee has information or a reasonable belief that the employer, or an employee of the employer, has violated, is violating or will violate the Constitution of Arizona or statutes of this state to either the employer or a representative of the employer who the employee reasonably believes is in a managerial or supervisory position and has the authority to investigate the information provided by the employee.

A.R.S. § 23-1501(3)(c)(ii).

When a plaintiff lacks direct evidence of retaliation, he may establish a prima facie case of retaliatory discharge by showing: "(1) that he engaged in protected activity, (2) that he suffered an adverse employment action, and (3) that there is a causal link between the two."  Hernandez v. Spacelabs Medical Inc., 343 F.3d 1107, 1113 (9th Cir. 2003).  Once a plaintiff establishes a prima facie case, the burden shifts to the employer-defendant to provide a legitimate, nondiscriminatory reason for the adverse employment action.  Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 849 (9th Cir. 2004).  If the employer proffers a legitimate reason, the burden shifts back to the plaintiff to show that the reason given is a pretext for another motive which is discriminatory.  Id.

Defendant moves for summary judgment on Plaintiff's Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure.  In support of its Motion, Defendant advances three overarching arguments: (1) Plaintiff cannot show protected activity, as required under Section 23-1501(3)(c)(ii) of the Arizona Revised Statutes; (2) Plaintiff cannot prove a causal connection between his complaint and his termination of employment; and (3) Plaintiff has no evidence that would prove Defendant's legitimate nondiscriminatory reason for terminating his employment was pretextual.

The Court will consider the first two arguments, and Plaintiff's individual responses, in turn.  The Court need not address the third argument, as the Court does not reach that stage in the analysis.

1    ***Argument #1: Protected Activity***

2          Defendant argues that Plaintiff cannot make out a prima facie case of retaliation in

3    violation of Section 23-1501(3)(c)(ii) of the Arizona Revised Statutes and, consequently, his

4    claim fails as a matter of law.  Specifically, Defendant asserts that an anonymous letter

5    written by Plaintiff ("the letter") does not constitute "protected activity" because it does not

6    allege any violations of Arizona's Constitution or statutes.  (Mem. Supp. Mot. Summ. J. at

7    5-6.)

8          Plaintiff counters that the letter was the final complaint in a series of complaints to

9    management about "various violations of state and federal law," and that all of the

10   complaints, taken collectively, constitute "protected activity." (Pl.'s Resp. to Mot. Summ. J.

11   at 6-7.)

12         In its Reply, Defendant emphasizes Plaintiff's deposition testimony in which Plaintiff

13   stated that he believes he was terminated because of the letter.  In so doing, Defendant argues

14   that the letter is the only action taken by Plaintiff that the Court should consider in its

15   "protected activity" analysis.  The Court takes note, however, of Plaintiff's deposition in

16   which Plaintiff stated that the letter was "the straw that broke the camel's back" and elevated

17   the situation with management.  (Pl.'s Dep. at 274:2-5.)  Additionally, Plaintiff referred to

18   other subjects he had discussed with his supervisor, Mr. Cornall, as reasons for his

19   suspension and subsequent termination during his deposition.  (Id. at 248:9-259:10.) Those

20   subjects, as described by Plaintiff, were: a propane removal process involving a 55-gallon

21   drum, wastewater dumping, a retiree who works for Defendant and receives goods and

22   services, "bottle blowing," and a lack of plugs on cylinders of propane gas.  (Id.)  Thus, the

23   Court finds that Plaintiff's previous conversations with his superiors shall also be considered

24   when determining whether Plaintiff engaged in "protected activity" under the AEPA.

25         To succeed on this "retaliation for whistleblowing" claim under the AEPA, Plaintiff

26   must prove that he disclosed in a reasonable manner to Defendant or one of its managerial

27   employees that Plaintiff has either information or the reasonable belief that Defendant or its

28   employee has violated, is violating, or will violate the Constitution of Arizona or its statutes.

1    ARIZ. REV. STAT. § 23-1501(3)(c)(ii).  Plaintiff must also prove that Defendant terminated

2    his employment in retaliation for this disclosure.   ARIZ. REV. STAT. § 23-1501(3)(c).

3    Furthermore, Plaintiff must prove that he reported violations of Arizona's Constitution and

4    statutes, not federal law.  Galati v. Am. W. Airlines, Inc., 69 P.3d 1011, 1014 (Ariz. Ct. App.

5    2003).

6         The Court notes at the outset that Plaintiff has failed to specify which Arizona statutes

7    Plaintiff complained to Defendant about being violated by AmeriGas, either in oral

8    conversations with superiors or in Plaintiff's anonymous letter.  On summary judgment,

9    however, the Court must view the evidence and draw inferences from underlying facts in a

10   light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654,

11   655 (1962) (per curiam).  The Court therefore recognizes that while Plaintiff did not cite to

12   statutory authority in his communications with management, Plaintiff reasonably believed

13   that state laws were being violated and conveyed that belief to his supervisor.  Thus, viewing

14   evidence and drawing inferences in favor of Plaintiff, the Court finds that Plaintiff engaged

15   in "protected activity" pursuant to ARIZ. REV. STAT. § 23-1501(3)(c)(ii).

16        ***Argument #2: Causal Connection***

17        Defendant further argues that no causal connection exists between Plaintiff's protected

18   activity and his termination from employment, and therefore Plaintiff fails to make a prima

19   facie case for retaliatory discharge.  Defendant points to previous disciplinary actions taken

20   against Plaintiff, as well as the serious nature of the event that precipitated Plaintiff's

21   termination, as proof that Plaintiff was terminated due to an "egregious safety violation"

22   rather than supposed whistleblowing.  (Mem. Supp. Mot. Summ. J. at 7)

23        Plaintiff counters that a causal link exists between Plaintiff's complaints to

24   management and his subsequent termination.  Plaintiff details a timeline of events and points

25   out that Plaintiff was deemed "Fully Competent" nine months prior to his termination and

26   was awarded Rookie Manager of the Year just six months before his discharge. (Pl.'s Resp.

27   to Mot. Summ. J. at 8.)  Additionally, Plaintiff notes that he was terminated only two months

28   after his anonymous letter to management.  (Id. at 9.)

1    Even viewing the evidence and drawing inferences in a light most favorable to

2    Plaintiff, the Court finds no nexus between Plaintiff's complaints to his supervisors and his

3    discharge.  First, the Court notes that Plaintiff received the Rookie Manager of the Year

4    award and was deemed "Fully Competent" prior to his series of disciplinary problems.  On

5    March 26, 2003, approximately a month after receiving the Rookie Manager award, Plaintiff

6    received a verbal warning for "failure to follow instructions/company policy."  (Ex. H to

7    Def.'s Statement of Facts.)  On April 16, 2003, Plaintiff responded via e-mail to concerns

8    expressed by management about leaking propane cylinders at the facility overseen by

9    Plaintiff.  (Ex. E to Def.'s Statement of Facts.)  On May 2, 2003, Plaintiff received a written

10   warning for "failure to follow instructions/company policy."  (Ex. I to Def.'s Statement of

11   Facts.)  On June 9, 2003, Plaintiff's supervisor documented concerns about Plaintiff's

12   prioritization of work in Plaintiff's personnel file. (Ex. J to Def.'s Statement of Facts.)

13   Finally, Plaintiff was responsible for an August 2003 shipment of cylinders containing

14   propane from Arizona to California.  The shipment contained 70 cylinders that were leaking

15   propane, creating a serious safety hazard.[3] The day after the shipment arrived in California,

16   Plaintiff was suspended for five days.  Following the suspension period, Plaintiff was

17   terminated on August 21, 2003.

18       Thus, the Court finds that Plaintiff fails to raise a question of fact due to the

19   remoteness in time between Plaintiff's complaints to Defendant regarding possible violations

20   of Arizona's Constitution or statutes and Plaintiff's termination.

21   **C. Conclusion on Motion for Summary Judgment**

22       When a plaintiff lacks direct evidence of retaliation, he may establish a prima facie

23   case of retaliatory discharge by showing: "(1) that he engaged in protected activity, (2) that

24   he suffered an adverse employment action, and (3) that there is a causal link between the

25   _____

26       [3]Plaintiff suggests that Defendant arranged for Plaintiff to be unavailable "when the
     shipment preparation was completed, the truck was loaded, and the truck left the Glendale
27   facility" so Plaintiff would be accountable for the leaking cylinders.   (Mem. Supp. Mot.
     Summ. J. at 9) The Court finds this argument unpersuasive as it is purely circumstantial.
28

two."  Hernandez, 343 F.3d at 1113.  Here, Plaintiff has met the first two elements of demonstrating a prima facie case, because Plaintiff engaged in protected activity and was terminated by Defendant.  However, as described above, Plaintiff fails to meet the third element.  Because Plaintiff has not made a prima facie case for retaliatory discharge, the Court finds that Plaintiff has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  See Celotex, 477 U.S. at 322.  Consequently, the Motion for Summary Judgment will be granted.  The Court further finds that oral argument would not be helpful and therefore will not be conducted in this matter.

## IV.  CONCLUSION

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Defendant's Partial Motion to Strike Plaintiff's Separate Statement of Facts in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment (dkt. 41) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike Paragraphs 17, 18, and 24 of Plaintiff's Separate Statement of Facts (dkt. 38) and the accompanying Exhibits D, E, and F of Plaintiff's Separate Statement of Facts.

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike the following portions of the following Paragraphs of Plaintiff's Separate Statement of Facts (dkt. 38):

From SOF #4:  "discovered that propane gas cylinders being returned to the Training Facilities and to the PPX Facilities in Arizona and California did not have a protective device known as a POL plug";

From SOF #6:  "allowing the escape of large amounts of propane into the atmosphere";

From SOF #25:  "aging cylinders";

From SOF #27:  "Plaintiff had complained to Defendant about the existence of leaking cylinders".

1    **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (dkt.

2    34) is GRANTED, thereby terminating this case.  The Clerk of Court shall enter judgment

3    accordingly.

4

5    DATED this 28th day of October, 2005.

6

7

8    _____
     Stephen M. McNamee
     Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28